Case 2:14-mc-00109 Document 3 Filed 01/09/15 Page 1 of 5 PageID #: 31
Document   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   MONT DAVID BRYANT

        Debtor.

MONT DAVID BRYANT,

        Plaintiff,

v.                        CIVIL ACTION NO.   2:14-mc-00109

GREEN TREE SERVICING, LLC, et al.,

        Defendants.

**ORDER**

Pending before the court is Defendant Green Tree Servicing, LLC's Motion to Withdraw the Reference [Docket 1]. For the reasons discussed below, the motion is **DENIED without prejudice**.

**I.**    **Background**

The facts and allegations comprising this adversary proceedings are as follows. In August 2001, the plaintiff, Mont David Bryant, and his domestic partner, Donna Sperry, sought to purchase a mobile home to put on land they owned in Logan County, West Virginia. On August 3, 2001, Mr. Bryant, Ms. Sperry, and their daughter went to defendant Southern Energy Home Retail Corp.'s ("Southern Energy") sales lot to purchase a mobile home. After they selected a home to purchase, Ms. Sperry entered into a purchase agreement to buy a new 2002 Southern TEAK-622 for $52,821. Ms. Sperry made a $2000 down payment and pledged a lien on her land as security.

The purchase contract identifies defendant Greenpoint Credit, LLC ("Greenpoint") as the lender for the transaction. The plaintiff alleges that the financing terms were not explained to Ms. Sperry at this time.

The transaction was closed on October 8, 2001 at Southern Energy's sales lot. The plaintiff asserts that the settlement was conducted at the end of the day and in a hurried fashion. According to the plaintiff, Southern Energy did not explain the settlement closing documents, which included an arbitration agreement. After closing, the mobile home was delivered to the plaintiff's property. The home that was delivered was a 2001 home and a different model than the home identified on the purchase contract. The fair market value of the home delivered was $44,595.22, which was less than what Southern Energy charged the plaintiff. On April 22, 2013, Defendant Green Tree Servicing, LLC ("Green Tree"), the servicer of the plaintiff's account, received a letter from the plaintiff directing that any further correspondence be sent to his attorney. Despite this request, Green Tree continued to contact the plaintiff.

On October 16, 2013, the plaintiff petitioned for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Southern District of West Virginia. The plaintiff filed an adversary proceeding in the Bankruptcy Court against Southern Energy, the seller; Greenpoint, the lender; Green Tree, the servicer; and Wells Fargo Bank, N.A., the holder of the plaintiff's loan. The plaintiff asserts five counts: (1) unconscionable inducement, in violation of West Virginia Code § 46A-2-121; (2) fraud as a defense to contract; (3) illegal debt collection, in violation of West Virginia Code § 46A-2-127(e); (4) joint venture; and (5) unconscionable arbitration clause. On April 23, 2014, Green Tree moved to withdraw the reference of this adversary proceeding.

## II.     Discussion

District courts have original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, 28 U.S.C. § 1334(b), and may automatically refer bankruptcy cases to non-Article III bankruptcy judges. *Id.* § 157(a). However,

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.* § 157(d).

In determining whether to exercise my discretion to withdraw a case for cause, I consider the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) the promotion of judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E.D. Va. 2003). The most important factor is whether the case presents a core or non-core proceeding. *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997).

Green Tree argues that the reference should be withdrawn "for cause" pursuant to § 157(d) because the adversary proceeding is a non-core proceeding. Specifically, Greentree contends that the plaintiff asserts only state law claims that have nothing to do with the bankruptcy code. Green Tree also argues that considerations of judicial economy weigh in favor of withdrawing the reference. In particular, Green Tree claims that I will have to review any proposed findings of fact and conclusions of law issued by the Bankruptcy Court and that this two-step process will delay the resolution of this action.

The plaintiff opposes withdrawal of the reference, and argues that this action is a core proceeding that arises in and is related to his bankruptcy proceeding. The plaintiff contends that the adversary proceeding essentially raises counterclaims against the defendants and affects the adjustment of the debtor-creditor relationship. Moreover, the plaintiff argues that withdrawal of the reference would hinder the bankruptcy proceedings and would be a waste of judicial resources.

Even assuming this action is a non-core proceeding, I have discretion in deciding whether to immediately withdraw the case or permit the case to proceed through discovery and pre-trial motions in the Bankruptcy Court. *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993). As the Fourth Circuit Court of Appeals has instructed:

> The decision whether or not to withdraw the referral immediately "is frequently more a pragmatic question of efficient case administration than a strictly legal decision." *Travelers Ins. Co. v. Goldberg,* 135 B.R. 788, 792 (D. Md. 1992). While the bankruptcy court may be uniquely qualified to conduct pre-trial matters in some core proceedings, in other cases such a referral would be a "futile detour, requiring substantial duplication of judicial effort." *Compare Travelers Ins. Co.,* 135 B.R. at 792-93 *with City Fire Equipment Co. v. Ansul Fire Protection Wormald U.S., Inc.,* 125 B.R. 645, 649 (N.D. Ala. 1989) (bankruptcy court has the authority and is uniquely qualified to supervise discovery and decide pre-trial issues). This type of pragmatic decision is best left to the district court . . . .

*Id.*

I **FIND** that withdrawing the reference at this stage of the proceedings is premature. The Bankruptcy Court is already familiar with the adversary proceeding and is more than capable of supervising discovery and other pretrial matters. In addition, the adversary proceeding is in its early stages, with only a motion to compel arbitration pending before the Bankruptcy Court. Moreover, the plaintiff has waived his right to jury trial, which further supports the conclusion that withdrawing the reference will be inefficient and uneconomical. Therefore, in my discretion, I **DENY without prejudice** Green Tree's motion to withdraw the reference.

### III.    Conclusion

For the reasons discussed above, Green Tree Servicing, LLC's Motion to Withdraw the Reference [Docket 1] is **DENIED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 20, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE